Dennis VINCENT, Claimant Below–Appellant,

v.

EASTERN SHORE MARKETS, Employer Below–Appellee.

No. 561, 2008.

Supreme Court of Delaware.

Submitted: March 10, 2009.
Decided: April 7, 2009.

Walt F. Schmittinger, Esquire and Kristi N. Vitola, Esquire of Schmittinger and Rodriguez, P.A., Dover, Delaware, for appellant.

John J. Klusman, Esquire and Leroy A. Tice, Esquire of Tybout Redfearn & Pell, Wilmington, Delaware, for appellee.

Before STEELE, Chief Justice, BERGER, and RIDGELY, Justices.

RIDGELY, Justice.

Claimant–Appellant Dennis Vincent appeals from the judgment of the Superior Court affirming the Industrial Accident Board's (the "IAB" or the "Board") dismissal of Vincent's petition to determine compensation due. Vincent raises two arguments on appeal. First, he contends that in dismissing the petition, the Board violated his due process rights and the notice requirements of the Administrative Procedures Act (the "APA").[1] Second, he contends that the Board's decision was not supported by substantial evidence. We find merit to Vincent's first argument and reverse.[2]

## I. Facts and Procedural History

Vincent sustained an injury to his lumbar spine while working for Employer–Appellee Eastern Shore Markets ("ESM") in July 2000. ESM accepted his injury as a compensable work injury and paid Vincent disability benefits, permanency, and medical expenses arising out of his injury. On December 6, 2007, Vincent filed a petition for compensation due with the IAB, seeking payment of additional medical expenses. An evidentiary hearing was set for May 15, 2008.

ESM sent a letter to Vincent's counsel requesting production of several items in connection with the petition, including copies of all medical bills claimed due and owing, as well as documentation regarding the relationship between the bills and the work accident and indicating the bills had been forwarded to the worker's compensation carrier for payment. Two days later, ESM sent a second letter to Vincent's counsel requesting that he "specifically identify the medical treatment which is the subject of this Petition." Vincent responded to ESM's requests through counsel, stating that it was his "understanding that the doctor feels he needs to see the patient more often than three or four visits per year." However, Vincent's response did not include any bills or notes from his treating physician.

ESM requested that the IAB schedule a legal hearing because Vincent had allegedly "failed and refused to respond to the Employer's Request for Production which was served on [his] counsel." A hearing was scheduled for February 6, 2008. Before the hearing, Vincent produced a copy of the medical records and office notes of his treating physician to ESM. ESM replied:

We have received your recent correspondence forwarding the medical bills of Dr. Balu/Pain Management and Rehabilitation/Professional Anesthesia Services. First and foremost, the worker's compensation carrier will not pay your bill for copies of medical records so I am returning that herewith. Second, as to the statement of Professional Anesthesia Services, that bill has a zero balance. Finally, as to the bill of Dr. Balu, please be advised that the carrier will not voluntarily pay for this medical expense. Please accept this correspondence as notice of denial pursuant to Board Rule 4. Please also confirm that this is the *only* medical bill at issue in connection with your client's petition as previously requested by Mr. Klusman. If there are

---

1. *See* 29 *Del. C.* §§ 10101–10161.

2. Because we remand for an evidentiary hearing on the merits, Vincent's second argument is not ripe for review.

other bills at issue, please confirm the same in writing, noting specifically what treatment is at issue. Until such time as we receive this confirmation, we will be unable to cancel the legal hearing now scheduled to occur on February 6, 2008.

I look forward to hearing from you.

Vincent did not so confirm and the hearing was not cancelled. The IAB heard arguments from both parties at the February 6th hearing. Vincent stated that all bills were sent to ESM in response to the request for production and that there were no additional outstanding bills *at that time*. ESM argued that the bill submitted had been settled in a prior agreement and, therefore, the petition should be dismissed. Vincent objected because there was no notice of a motion to dismiss and the only issue at the motion hearing was a request for production regarding a written confirmation that there were no other bills.

The Board then asked ESM what it was seeking and ESM responded that it was requesting that the case be dismissed. The Board granted the dismissal because "[i]t seems like it's the same bill" and signed a form of order dismissing Vincent's petition.[3]

Vincent appealed the dismissal of his petition to the Superior Court. The court affirmed the Board's decision, finding that Vincent was not denied due process because he was aware of why the hearing was scheduled and that the IAB's decision to dismiss the petition was supported by substantial evidence.[4]

## II. Discussion.

 Our review of IAB decisions is limited. We review the record to determine whether the Board's decision is supported by substantial evidence and is free from legal error.[5] "Where the issue raised on appeal from a Board decision involves exclusively a question of the proper application of the law, our review is *de novo*."[6] Absent any errors of law, we review for abuse of discretion.[7]

Vincent contends that the Board violated due process and the notice requirements of the APA when it dismissed his petition to determine additional compensation due. Vincent argues that he had no notice that the Board would be considering a motion to dismiss the petition at the February 6th hearing.

 The proceedings of the IAB are governed by both the requirements of due process and the APA.[8] "In the exercise of quasi-judicial or adjudicatory administrative power, administrative hearings, like judicial proceedings, are governed by fun-

---

**3.** See Vincent v. Eastern Shore Markets, I.A.B., No. 1171932 (Feb. 8, 2008) [*IAB Decision*].

**4.** See Vincent v. Eastern Shore Markets, Del.Super., No. 08A–03–001 (Oct. 29, 2008). [*Superior Court Decision*].

**5.** See Histed v. E.I. duPont de Nemours & Co., 621 A.2d 340, 342 (Del.1993); Johnson v. Chrysler Corp., 213 A.2d 64, 66–67 (Del.1965); Gen. Motors Corp. v. Freeman, 164 A.2d 686, 688 (Del.1960); see also 29 Del. C. § 10142(d).

**6.** Baughan v. Wal–Mart Stores, 947 A.2d 1120, 2008 WL 1930576, at *2 (Del.2008) (Table); see also Duvall v. Charles Connell Roofing, 564 A.2d 1132 (Del.1989).

**7.** Baughan, 2008 WL 1930576, at *2; see also Digiacomo v. Bd. of Pub. Educ. in Wilmington, 507 A.2d 542, 546 (Del.1986); Histed, 621 A.2d at 342.

**8.** See Pusey v. Del. Alcoholic Beverage Control Comm'n, 596 A.2d 1367, 1369, 1370 (Del. 1991); Phillips v. Delhaize America, Inc., 2007 WL 2122139, at *2 (Del.Super.Ct. July 20, 2007) (citing 19 Del. C. § 2301A(d) and 29 Del. C. § 10161).

damental requirements of fairness which are the essence of due process, including fair notice of the scope of the proceedings and adherence of the agency to the stated scope of the proceedings." [9]

 Due process, unlike some legal rules, is not a technical notion with a fixed content unrelated to time, place, and circumstances; rather it is a flexible concept which calls for such procedural protections as the situation demands.[10] As it relates to the requisite characteristics of the proceeding, due process entails providing the parties with the opportunity to be heard, by presenting testimony or otherwise, and the right of controverting, by proof, every material fact which bears on the question of right in the matter involved in an orderly proceeding appropriate to the nature of the hearing and adapted to meet its ends.[11] Further, due process requires that the notice inform the party of the time, place, and date of the hearing and the subject matter of the proceedings.[12]

Additionally, under the APA, whenever the IAB proposes to proceed with a case decision, it must provide notice to all parties.[13] The parties agree that the Board's dismissal of Vincent's petition is a "case decision" within the meaning of the APA.[14] Whenever the Board proposes to proceed with a case decision, it must give twenty days prior notice that includes:

(1) The notice shall describe the subject matter of the proceedings;

(2) The notice shall inform the parties of the opportunity, if permitted by law, to elect to proceed by informal fact finding and of the date by which such election must be made;

(3) The notice shall give the date, time and place the formal hearing will be held if informal fact-finding is not elected;

(4) The notice shall cite the law or regulation giving the agency authority to act;

(5) The notice shall inform the party of the right to present evidence, to be represented by counsel and to appear personally or by other representative; and

(6) The notice shall inform the parties of the agency's obligation to reach its decision based upon the evidence received.[15]

9. *Phillips*, 2007 WL 2122139, at *2. (citing *Carousel Studio v. Unemployment Ins. Appeal Bd.*, 1990 WL 91108, at *1 (Del.Super.Ct. June 26, 1990)); *cf.* *Pusey*, 596 A.2d at 1370 (finding parties at administrative hearing entitled to due process, including right of cross-examination).

10. *See Mathews v. Eldridge*, 424 U.S. 319, 334, 96 S.Ct. 893, 47 L.Ed.2d 18 (1976); *see also Cook v. Oberly*, 459 A.2d 535, 538 (Del. Ch.1983); *Phillips*, 2007 WL 2122139, at *2; *Playtex Products, Inc. v. Harris*, 2002 WL 31167581, at *5 (Del.Super.Ct. Sept. 30, 2002).

11. *See Mathews*, 424 U.S. at 333, 96 S.Ct. 893; *see also Formosa Plastics Corp. v. Wilson*, 504 A.2d 1083, 1089 (Del.1986); *Phillips*, 2007 WL 2122139, at *2.

12. *See id.* (citing *Fuentes v. Shevin*, 407 U.S. 67, 80, 92 S.Ct. 1983, 32 L.Ed.2d 556 (1972); *Phillips*, 2007 WL 2122139, at *2.

13. *See 29 Del. C.* § 10122.

14. A "case decision" is "any agency proceeding or determination that a named party as a matter of past or present fact, or of threatened or contemplated private action, is or is not in violation of a law or regulation, or is or is not in compliance with any existing requirement for obtaining a license or other right or benefit." *29 Del. C.* § 10102(3).

15. (A16.)

In this case, the Board provided the following notice:

> YOU ARE HEREBY ADVISED THAT, in accordance with the rules, your appearance at the offices of the Board is requested in the above captioned matter:
>
> DATE: February 6, 2008
>
> TIME: 09:00 A.M.
>
> LOCATION: 24 N.W. Front Street, Suite 100, Milford, DE 19963
>
> OFFICE OF WORKERS COMPENSATION

While the notice given stated the date, time and place of the formal hearing as required by due process and paragraph (3) of Section 10122, it failed to comply with Section 10122 in every other respect, including a description of the subject matter of the proceedings.

 The purpose of the February 6th hearing related to a request for production. Nothing in the record suggests Vincent knew or should have known that the hearing could lead to the dismissal of his petition on the merits.[16] Both parties agree that the Board's decision was a "case decision" within the meaning of 29 *Del. C.* § 10102(3). Therefore, Section 10122 requires that the Board provide notice to the parties in a proceeding before it containing certain elements prior to proceeding to a case decision. Similarly, while due process is flexible, its fundamental requirement in agency proceedings is fairness, including fair notice of the scope of the proceedings and adherence of the agency to the stated scope.[17] The Board's decision to dismiss Vincent's petition on its merits exceeded the scope of the notice provided to the parties and did not comport with either due process or the APA.[18]

## III. Conclusion

We reverse and remand this matter for further proceedings consistent with this Opinion.

---

16. The Board's order is a dismissal on the merits. It provides: "ORDERED, that it being determined after a legal hearing that there are not outstanding medical expenses at issue other than that which was previously the subject of a prior settlement agreement, that the claimant's petition to determine compensation due is hereby dismissed." *IAB Decision, supra* note 14.

17. *See Carousel Studio,* 1990 WL 91108, at * 1.

18. *Accord Phillips v. Delhaize America, Inc.,* 2007 WL 2122139 (Del.Super.Ct. July 20, 2007). We do not preclude the dismissal of a petition as a remedy of last resort when a party fails to obey an order to provide or permit discovery and no other sanction is more appropriate. *See Marcelin v. Layton,* 2009 WL 595580 (Del. Mar. 9, 2009); *Hoag v. Amex Assurance Co.,* 953 A.2d 713, 716–17 (Del.2008). *See generally* SUPER CT. CIVIL R. 37(b)(2)(C). However, in this case, the Board's dismissal of Vincent's petition was on the merits and not a sanction for a discovery violation. Even if it had been phrased as a discovery sanction, the Board failed to explain why no other sanction was more appropriate.