IN THE SUPERIOR COURT OF THE STATE OF DELAWARE


ELLA J. DOYLE,                              :
                                            :
                 Appellant,                 :          K17A-10-003 JJC
                                            :          In and for Kent County
        v.                                  :
                                            :
MATTHEW SMITH, LLC and                      :
UNEMPLOYMENT INSURANCE                       :
APPEAL BOARD,                               :
                                            :
                 Appellees.                 :


## MEMORANDUM OPINION & ORDER

Submitted: June 6, 2018
Decided:  July 9, 2018


Ella J. Doyle, *pro se*

Daniel C. Mulveny, Esquire, Department of Justice, Wilmington, Delaware, *Attorney for Unemployment Insurance Appeal Board*.

Victoria W. Counihan, Esquire, Department of Justice, Wilmington, Delaware, *Attorney for The Delaware Division of Unemployment Insurance*.


Clark, J.

Appellant Ella J. Doyle (hereinafter "Ms. Doyle") appeals an adverse decision by the Unemployment Insurance Appeal Board (hereinafter "the Board" or "the UIAB") terminating her unemployment benefits. She challenges the Board's decision that she was ineligible for unemployment benefits between July 29, 2017 and August 24, 2017 because she did not participate in a "work search audit." Under the circumstances of this case, the Board committed legal error when it denied her appeal.

The record evidences a combination of procedural and substantive errors that require reversal. Namely, the Division of Unemployment Insurance (hereinafter the "Division") denied Ms. Doyle's benefits because she did not appear at two scheduled work search audits, despite the fact that she was not required to appear based on her status. Furthermore, neither the claims deputy's initial determination nor the Division's appeals referee hearing notice cited accurate reasons for terminating her benefits. Finally, the notices did not quote or cite the particular regulations Ms. Doyle allegedly violated, and the two notices addressed different substantive issues. Given these circumstances, the Board committed legal error in accepting the appeals referee's decision where the referee refused to consider the unrebutted fact that Ms. Doyle was not required to perform the audits at issue. For these reasons and those set forth below, the Board's decision is **REVERSED** and the matter is **REMANDED** for action consistent with this decision.

# I.  PROCEDURAL BACKGROUND AND FACTS OF RECORD

On June 25, 2017, Ms. Doyle applied for unemployment benefits during the summer break because, as a school bus driver, she was temporarily laid off.  She drove for Matthew Smith, LLC and filed her unemployment benefits application online.  She did not include a return to work date in her filing.  She then called to confirm that her application was complete and testified that she was told that it was.[1] The claims deputy testifying at her appeals referee hearing confirmed that she would not have been told if it was incomplete unless she asked the correct questions. Rather, the claims deputy testified that the customer service representative on the phone would have merely told her that it was considered submitted.[2]

On July 17, 2017, the Division of Unemployment Insurance (hereinafter the "Division") sent Ms. Doyle a letter instructing her to report on July 26, 2017 for an audit of her work search logs.  She did not appear for the audit.  On the scheduled day, the Division sent her another letter rescheduling the appointment for August 2, 2017.  She also failed to appear on that date.  On August 4, 2017, a Division claims deputy sent a letter declaring Ms. Doyle ineligible for continued benefits after July

---

[1] Record at 16.
[2] Record at 19-20.

29, 2017. The noticed cited subsection 3315(1) of Title 19 of the Delaware Code as the basis for the denial.

On August 10, 2017, Appellant appealed the denial. On August 16, 2017, she filed a letter from her employer with the Division that provided her return to work date of August 24, 2017.[3] Thereafter, on August 18, 2017, the Division sent her a notice for an appeals referee hearing to be held on September 6, 2017. That notice of hearing provided a "Statement of Issues" that referenced the subject of the upcoming hearing. Namely, the notice stated incorrectly that her benefits were subject to termination after a hearing because "[t]he claimant is not an unemployed individual and is ineligible for benefits."[4] At the hearing, the transcribed testimony demonstrated Ms. Doyle's confusion.[5] Likewise, because of the error in the notice, the appeals referee did not initially understand the issues to be covered in the hearing.[6]

During a preliminary discussion before the hearing, the claims deputy that issued the denial stated that the scope of the hearing should have been identified as a "Section 3315(1)" issue.[7] The appeals referee then corrected the notice at the

---

[3] Appellant's Opening Br., Ex. 1.
[4] Record at 9.
[5] Appellant inquired about the "reason you said we were here today, I – I didn't understand that good." She then stated she thought it was a challenge to whether she was unemployed, which was the reason stated in the notice. Record at 13-14.
[6] Record at 15.
[7] *Id.*

hearing by crossing out the listed purpose and wrote on it, the following: "3315(1) Comply w/ Work Search Audit."[8] The appeals referee then stated "[s]o the only issue we're going to be discussing today is whether or not you complied with the Work Search Audit Program."[9]

The relevant undisputed evidence at the hearing can be summarized in several relevant parts. First, in submitting an online claim, Ms. Doyle did not include a return to work date in the appropriate field. Second, from the outset, Ms. Doyle understood she was not required to perform audits since she was a school bus driver who was to be unemployed for only a short period of time. Third, the Division's claims deputy confirmed that bus drivers with her status were not required by Division policy to participate in the audits. Fourth, because Ms. Doyle did not include a return to work date in her online application, the Division sent two separate notices for her to appear for an audit. She did not appear for either, claiming her post office box was closed. Finally, three weeks prior to her appeals referee hearing, Ms. Doyle provided a letter from her employer confirming that her return to work date was August 24, 2017.[10] The Division received that letter on August 16, 2017 and date and time stamped it.[11]

---

[8] Record at 9 and 15.
[9] Record at 15.
[10] Appellant's Opening Br.
[11] *Id.*

On September 6, 2017, the appeals referee found Ms. Doyle ineligible for unemployment benefits effective July 29, 2017 for failing to comply with Division regulations. The stated reason for denying her benefits was that she did not attend "an REA workshop" as required by 19 *Del C.* § 3315(1).[12] Despite the statutory reference to her violating 19 *Del. C.* § 3315(1), neither the appeals referee, nor the claims deputy before her, referenced any regulation Ms. Doyle allegedly violated. Furthermore, despite amending the hearing notice on the day of the hearing to cite work audit requirements, the appeals referee refused to consider Ms. Doyle's defense relevant to that very issue. Namely, Ms. Doyle argued strenuously that given her temporary lay-off status, she was not required to participate in a work search audit. Despite the fact that three weeks prior to that *de novo* hearing she had submitted evidence of her return to work date, the appeals referee terminated her benefits effective July 29, 2017.

Ms. Doyle then appealed the appeals referee's findings to the UIAB. The UIAB elected not to receive further evidence and relied solely on the appeals referee hearing record.[13] It then affirmed the referee's decision based on the record below without a further hearing. In its decision, it declined to permit additional evidence to address the incorrect notice issue, or to address the substantive issue below

---

[12] Record at 33.

[13] *See* 19 *Del. C.* § 3320(a) (giving the Board the discretion to decide a matter on the appeals referee's record without receiving additional evidence).

ignored by the appeals referee. In its final order, the Board also did not cite any regulation requiring a claimant to appear at a Division office upon request. The Board merely wrote in its decision that "[a] claimant must follow the regulations that the Department proscribes."[14]

## II. STANDARD OF REVIEW

The UIAB is not an agency subject to the case decision requirements of Delaware's Administrative Procedures Act.[15] Nevertheless, the UIAB's enabling statute provides claimant appeals rights and the Superior Court's standard of review for such appeals. Pursuant to *19 Del. C.* § 3323(a), the Superior Court's jurisdiction is limited to a review for errors of law, together with a limited factual review. Namely, the review is "limited to the question of whether there is substantial evidence in the record to support the Board's findings and whether such findings are free from legal error. In such an appeal, this Court "does not weigh the evidence, determine questions of credibility, or make its own factual findings."[16]

Due process requires that a claimant receives adequate notice and an opportunity to be heard.[17] Proper notice includes informing "the affected individual

---

[14] Record at 41.
[15] *See* 29 *Del. C.* § 10161(a), (b) (itemizing the state agencies that are subject to the Administrative Procedures Act's case decision requirements).
[16] *Murphy & Landon, PA v. Pernic*, 121 A.3d 1215, 1222 (Del. 2015).
[17] *Vincent v. Eastern Shore Markets*, 970 A.2d 160, 163-164 (Del. 2009).

7

of, and permitting adequate preparation for, an impending hearing.[18] Proper notice must also reasonably apprise a party of the issues involved, and provide that party a reasonable time to prepare a defense.

### III. Analysis

Here, the Board committed legal error by terminating Ms. Doyle's benefits after an appeal referee proceeded with an improperly noticed hearing and refused to consider evidence that Ms. Doyle was not required to participate in a work search audit pursuant to Department of Labor regulations. With regard to the improper notice, the Division identified the scope of the upcoming hearing as covering whether she was an "unemployed individual."[19] The notice's stated purpose for the hearing was incorrect. Namely, at no time in the entire process did the Division, the appeals referee, or the Board raise or consider a question regarding her status as an unemployed individual except in that mistaken notice.

Due process requires in addition to an opportunity to be heard, adequate notice of the scope of any hearing.[20] The Division's violation of this requirement cannot

---

[18] *Bell Atlantic – Delaware, Inc. v. Public Service Comm'n*, 705 A.2d 601, 605 (Del. Super. 1997).

[19] *See* Record at 9.

[20] Furthermore, Delaware's Unemployment Insurance Claimant Handbook provides with regard to an appeals referee hearing, that "an appeal hearing is scheduled within a few weeks after an appeal is filed. All parties are mailed a Notice of Hearing that provides the time, date, location**, and issue(s) to be covered in the hearing**." Claimant Handbook at 20, *available at* https://ui.delawareworks.com/documents/UI%20Claimant%20Handbook.pdf (emphasis added).

8

be found to be harmless given the evidence of record. First, no regulation was cited by the claims deputy in her initial determination. Second, the exchange on the record at the later hearing established that Ms. Doyle and the appeals referee were confused about the scope of the hearing. After the claim deputy clarified her intent that the issues should have been identified as "3315(1)," the appeals referee hand wrote the changed scope of the hearing on the notice. Such a practice does not provide sufficient notice to provide a claimant due process.

After the hearing, the appeals referee found that Ms. Doyle failed to attend two work search audits. Even independent of the improper notice, the only law cited by the appeals referee justifying the denial of benefits was subsection (1) of Section 3315 of Title 19 of the Delaware Code (hereinafter "subsection 3315(1)"). The appeals referee cited no regulation justifying her decision. Subsection 3315(1) refers to regulations and most importantly refers to regulations that permit the Division to waive that subsection's requirements. The statutory subsection at issue provides:

> that the individual: (1) [h]as registered for work at and thereafter continued to report at an employment office in accordance with such regulations as the Department prescribes, **except** that the Department may, by regulation, waive or alter either or both of the requirements of this paragraph as to individuals attached to regular jobs . . ..[21]

---

[21] 19 *Del. C.* § 3315(1) (emphasis added).

Throughout the process, the Division, the appeals referee, and the Board failed to cite any regulation addressing work search requirements, mandatory appearances at an office, or return to work date submission requirements.[22]

Ms. Doyle's confusion at the hearing was understandable since she correctly understood that someone in her status need not participate in the audit. Namely, she testified that she understood that because she was short-term unemployed, she was not required to participate in a work search.[23] The Court's review of the evidence is extremely limited, but it cannot ignore when all evidence of record in an administrative proceeding establishes a given fact. Here, in addition to Ms. Doyle's testimony, the record includes the following testimony from the Division's only witness, the claims deputy:

> typically bus drivers when they come in and apply or apply online, they automatically report a recall date for the new school year that prevents them from having to do the work search . . . If she had responded to the initial letter, called us, or come in and stated, I'm a bus driver. Do I have to attend this program? We would have advised her, no, she did not.[24]

The claims deputy, the appeals referee's, and the Board's generic references to regulations prompted the Court to review the Department of Labor's published regulations relevant to Ms. Doyle's status that could be fairly considered to be those

---

[22] See Record at 6, 32, 33, 40, 41 (where all three entities in the unemployment claims process in this case identified no regulations in their decisions despite generically referencing a violation of regulations).

[23] Record at 21-22.

[24] Record at 15-16.

referenced in subsection 3315(1). Although not referenced at any stage of the process below, Department of Labor regulations provide for a consistent outcome with the unrebutted testimony at the hearing. First, they provide:

> the following unemployed individuals will not be required to register for work with . . . [t]he Division to be eligible for the receipt of benefits: . . . [a]ny individual on a temporary layoff who has a definite "return to work" date which has been verified by [t]he Division . . . with the individuals separating employer.[25]

Second, Department of Labor regulations provide elsewhere that:

> [a claimant] will not be ineligible for such week if the Division of Unemployment Insurance finds that: the claimant is attached to a job for which the date of return to employment is known and reasonably certain and is sufficiently near in time to make it futile to actively seek work . . .[26]

Ms. Doyle's attempted to raise this issue before the appeals referee in her only *de novo* hearing. The appeals referee declined to consider it, which under the circumstances of this case, was fundamentally unfair. As noted above, regulations incorporated by reference in subsection 3315(1) only serve to qualify the obligations created in that subsection. Because the record was devoid of any referenced regulations requiring submission to audits, coupled with all evidence establishing that work search requirements were inapplicable to Ms. Doyle, the Board committed legal error in denying her benefits.

---

[25] 19 *Del. Admin. C.* §§-20.2, 20.2.1
[26] 19 *Del. Admin. C.* §§-6.3, 6.3.1

11

The Court recognizes that the Division must have the ability to impose consequences for non-compliance with its procedural requirements. The orderly administration of benefits requires nothing less. This decision in no way should be read to imply that the Division cannot impose consequences upon individuals who do not comply with procedural requirements. Due process requires, however, that in circumstances where the cited reasons for termination of benefits have changed from step to step in the process, at a minimum, the sole *de novo* evidentiary hearing provided to a claimant by Act of the General Assembly must consider substantive defenses to a claimed procedural non-compliance.

If procedure is to trump substance, which at times is admittedly appropriate in a claims process to aid in the efficient administration of benefits, at a minimum, the agency must accurately cite **a** procedural rule that was violated before denying benefits. Here, it did not.

Approximately three weeks before the appeals referee hearing, Ms. Doyle presented a return to work date as evidenced by a clocked-in copy of a letter from her employer.[27] The regulations cited above provide that the Division should have verified that date with her employer.[28] As a consequence, the Board's decision is REVERSED and REMANDED for the reinstatement of Ms. Doyle's benefits for the

---

[27] *See Murphy & Landon, P.A.,* 121 A.3d at 1222 (finding legal error by the Board when it failed to redress an appeals referee's decision to inappropriately restrict the issues before her).
[28] 19 *Del. Admin. C.* §§-20.2, 20.2.1

weeks in question provided the employer verifies, after the Division requests verification, that her return to work date was as alleged in the letter she filed with the Division.

## IV. Conclusion

For the aforementioned reasons, the Board's decision denying benefits is reversed and remanded for action consistent with this order.  Specifically, the matter is remanded so the Division can verify, as required by its regulations, that Ms. Doyle in fact returned to work.  In that event, benefits are due Ms. Doyle from July 29, 2018, through her verified return to work date.   If Ms. Doyle did not return to work as alleged in the employer's letter she filed with the Division, then the Board shall conduct proceedings as are otherwise consistent with this order and its processes.

**IT IS SO ORDERED**

/s/Jeffrey J Clark
Judge