# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

KIDS AND TEENS PEDIATRICS     :
OF DOVER,     :
    :
    Employer-Below/Appellant,     :     C.A. No. K19A-08-001 JJC
    :     In and for Kent County
    v.     :
    :
MARIE O'BRIEN,     :
& UNEMPLOYMENT     :
INSURANCE APPEAL BOARD,     :
    :
    Claimant-Below/Appellee.     :

## ORDER

Submitted:  November 1, 2019
Decided:  January 8, 2020

*Upon Consideration of Appellant's Appeal from the Decision of the Unemployment Insurance Appeal Board –* **AFFIRMED**

**AND NOW TO WIT**, this 8th day of January 2020, upon consideration of the record and briefing, **IT APPEARS THAT**:

1.	Before the Court is Kids and Teens Pediatrics of Dover's (hereinafter "Kids and Teens") appeal from the decision of the Unemployment Insurance Appeal Board (hereinafter "the UIAB" or "the Board").  After a hearing, the Board found that Kids and Teens did not provide Marie O'Brien a prior final warning before it terminated her.  The Board also found that Ms. Obrien's alleged misconduct was not sufficiently willful or wanton to excuse a final warning.  As a result, the Board found that Kids and Teens terminated her without just cause.  Kids and Teens now appeals the Board's decision.

2. On March 26, 2019, Kids and Teens discharged Ms. O'Brien because of a missing office prescription stamp and complaints regarding how she treated her co-workers. At a UIAB hearing, Kids and Teens' owners, Dr. Osama Hussein and Amal Fouad, testified that they addressed Ms. O'Brien numerous times about general office management, co-worker's complaints, and the circumstances surrounding the missing office stamp. Dr. Hussein and Ms. Fouad testified that Ms. O'Brien took no effort to find the missing stamp or to investigate how it was lost. At the appeals referee hearing and the UIAB hearing, Ms. O'Brien denied ever receiving a warning, either orally or in writing, that she faced termination.

3. On April 22, 2019, a claims deputy had found Ms. O'Brien ineligible for unemployment benefits, because Kids and Teens had terminated her with just cause for her disregard of company rules and standards.[1] Ms. O'Brien then appealed the claims deputy's determination to an appeals referee. Following a hearing, the appeals referee reversed the claims deputy's decision.[2] When doing so, she found that Kids and Teens failed to provide Ms. O'Brien with a prior, final, unequivocal warning.[3] The appeals referee also based her decision in part on the fact that Kids and Teens failed to produce any evidence that Ms. O'Brien took or misplaced the office stamp in question.[4]

4. Kids and Teens then appealed the appeals referee's decision to the UIAB. The UIAB held a hearing on July 10, 2019. There, it heard testimony from Dr. Hussein, Ms. Fouad, and Ms. O'Brien. Dr. Hussein testified that the missing stamp was a "very big, major issue" that he "should have fired her even that day," but he "gave her a chance to try to correct it."[5] He testified that when he asked her

---

[1] Record, "Notice of Determination," at 73.
[2] Record, "Notice of Referee Decision," at 147.
[3] *Id.*
[4] *Id.*
[5] Record, "Transcript of Board Hearing," at 214.

2

to find it, Ms. O'Brien said "'[w]ell, it obviously fell in the trash,' and she just laughed it off" and did nothing further.[6]  Ms. Fouad also testified about complaints from Ms. O'Brien's co-workers concerning her behavior towards them.[7]  She further explained that she had an approximately three hour meeting with Ms. O'Brien to discuss her behavioral problems.[8]  When questioned by the Board regarding whether Kids and Teens had ever given Ms. O'Brien any written warnings, Ms. Fouad admitted that she had not.[9]  Instead, Ms. Fouad explained that her intention on the day that she fired Ms. O'Brien was to give her a written warning, but Ms. O'Brien's response to the matters—that nothing was wrong—resulted in Ms. Fouad's decision to instead terminate her.[10]  Ms. O'Brien again testified that she had never received even an oral warning.[11]

5.      The Board considered the evidence presented to the appeals referee, the referee's decision, Kids and Teens' notice of appeal, and the evidence presented at the July 10, 2019 hearing.  After doing so, it found that Kids and Teens did not have just cause to terminate Ms. O'Brien.[12]  It did so because it found that Kids and Teens had not given Ms. O'Brien a prior written warning before she was terminated.[13]

6.      Following the hearing, Kids and Teens' attorney, Krista Reale, Esquire, sent a letter to the Board.[14]  In the letter, Ms. Reale wrote that she had arrived to the hearing two minutes late because she had followed directions to a different building.[15]  Upon her arrival, the front desk receptionist denied Ms. Reale entry to

---

[6] *Id.* at 216.
[7] *Id.* at 218.
[8] *Id.*
[9] *Id.* at 220.
[10] *Id.* at 219–20.
[11] *Id.* at 222.
[12] Record, "Notice of Board Decision," at 232.
[13] *Id.*
[14] Record, "Notice of Appeal to Superior Court," at 239.
[15] *Id.*

3

the hearing because it was already in progress.[16] According to Ms. Reale's letter, although the receptionist told her that she would ask whether the Board would permit an interruption, she did not provide an answer to Ms. Reale until after the hearing concluded.[17] In Ms. Reale's letter, she acknowledged that Kids and Teens had not told the Board that it hired counsel or that it even wanted counsel. Nevertheless, Ms. Reale requested that the Board permit her client another hearing with counsel present.[18]

7.   Kids and Teens now appeals the Board's decision to this Court. In its notice of appeal, it lists the following grounds: (1) its counsel was denied entry to the hearing; (2) there was a basis for termination ignored by the lower tribunals; (3) subpoenas did not issue for listed witnesses; and (4) Ms. O'Brien allegedly testified falsely.[19] In its briefing, it argues that the Board's decision was not based on substantial evidence and was a result of legal error. It also argues that because Ms. Reale had necessary evidence in hand and could not participate in the hearing, Kids and Teens should not be punished for its attorney's mistake. Finally, in its reply brief, it argues that Ms. O'Brien's response to its appeal does not comply with Superior Court Civil Rule 107. Namely, Ms. O'Brien filed her response prior to Kids and Teens filing its opening brief.

8.   As with appeals from other administrative agencies, this Court's appellate review of a UIAB decision is limited to determining whether it was supported by substantial evidence and was free from legal error.[20] Substantial evidence means "such relevant evidence as a reasonable mind might accept as

---

[16] *Id.*
[17] *Id.*
[18] *Id.* at 240.
[19] Record, "Notice of Appeal to Superior Court," at 237–38.
[20] *Murphy & Landon, P.A. v. Pernic*, 121 A.3d 1215, 1221 (Del. 2015) (citing *Thompson v. Christiana Care Health System,* 25 A.3d 778, 782 (Del. 2011)).

4

adequate to support a conclusion."[21] On appeal, the Court views the facts in the light most favorable to the prevailing party below.[22] Furthermore, the Court cannot weigh the evidence, determine questions of credibility, or make its own factual findings.[23] Absent any errors of law, which are reviewed *de novo*, a decision by an agency such as the UIAB that is supported by substantial evidence will be upheld unless it constituted an abuse of discretion.[24] The Board abuses its discretion when its decision exceeds the bounds of reason in view of the circumstances.[25]

9. First, the Court must determine whether it should reverse the Board's decision because Ms. O'Brien did not comply with Superior Court Civil Rule 107. The Court has the discretion pursuant to Superior Court Civil Rules 72(i)[26] and 107(f)[27] to dismiss a Board appeal that does not. Rule 107 sets briefing and filing requirements. It describes the type of print,[28] time of filing,[29] form,[30] and content.[31] Ms. O'Brien submitted her brief prior to Kids and Teens opening brief. It was not

---

[21] *Olney v. Cooch*, 425 A.2d 610, 614 (Del. 1981) (quoting *Consolo v. Fed. Mar. Comm'n*, 383 U.S. 607, 620 (1966)).

[22] *Murphy*, 121 A.3d at 1221.

[23] *Thompson*, 25 A.3d at 782.

[24] *Funk v. Unemployment Ins. Appeal Bd.*, 591 A.2d 222, 225 (Del. 1991).

[25] *Nardi v. Lewis*, 2000 WL 303147, at *2 (Del. Super. Jan. 26, 2000).

[26] *See* Super. Ct. Civ. R. 72(i) (stating that, "[d]ismissal may be ordered for untimely filing of an appeal, for appealing an unappealable interlocutory order, for failure of a party diligently to prosecute the appeal, for failure to comply with any rule, statute, or order of the Court or for any other reason deemed by the Court to be appropriate").

[27] *See* Super. Ct. Civ. R. 107(f) (stating that, "[i]f any brief, memorandum, deposition, affidavit, or any other paper which is or should be a part of a case pending in this Court, is not served and filed within the time and in the manner required by these Rules or in accordance with any order of the Court or stipulation of counsel, the Court may, in its discretion, dismiss the proceeding if the plaintiff is in default, consider the motion as abandoned, or summarily deny or grant the motion, such as the situation may present itself, or take such other action as it deems necessary to expedite the disposition of the case").

[28] Super. Ct. Civ. R. 107(b).

[29] *Id.* at 107(c).

[30] *Id.* at 107(d).

[31] *Id.* at 107(e) (requiring a table of contents, table of citations, statement of the case, statement of the questions involved and argument when submitting a brief).

properly formatted.  It also lacked a table of contents, citations, and a statement of questions involved in the case.

10.    Nevertheless, the Court has wide discretion regarding how to proceed with an appeal notwithstanding noncompliance with Rule 107.[32]  This case involves a *pro se* appellee.  When reviewing submissions of *pro se* litigants, the Court may hold such documents to a "less stringent standard than those drafted by lawyers."[33]  Affording Ms. O'Brien this deference, her response presents a discernable argument that the Board's decision was based on substantial evidence.[34]  Furthermore, Kids and Teens' position is not unfairly prejudiced by the timing of Ms. O'Brien's response.  Namely, it presented its own arguments in its opening brief.  Furthermore, it received sufficient notice regarding Ms. O'Brien's position to enable it to prosecute its appeal.  Finally, it countered Ms. O'Brien's arguments in its reply brief.  On balance, the fact that Ms. O'Brien filed a response, albeit early, demonstrates that she did not fail to diligently prosecute her case.  Accordingly, the Court will decide this case on its merits.

11.    Second, the Court will address the potential due process concerns raised by the UIAB's staff's alleged refusal to allow Kids and Teens' attorney to enter the hearing late.  This Court has long held that "rudimentary requirements of fair play" satisfy the due process requirements for administrative proceedings.[35]  Moreover,

---

[32] *See Camara v. Marine Lubricants*, 2013 WL 1088334, at *3 (Del. Super. Feb. 25, 2013) (citing *Yates v. Masley Enterprises,* 2012 WL 1415701, at *7 (Del. Super. Feb. 9, 2012) (holding that even though appellant's brief contained deficiencies based on Rule 107, it did not warrant the case being dismissed on technicalities)).

[33] *Witcher v. Delaware Park*, 2002 WL 499431, at *2 (Del. Super. Mar. 28, 2002) (citing *Vick v. Haller*, 522 A.2d 865, 1987 WL 36716, at *1 (Del. 1987) (TABLE)).

[34] Ms. O'Brien's "Response to Appeal" also appears to respond directly to the grounds for appeal stated in Kids and Teens "Notice of Appeal" from the Board's decision.  *See* Record, "Notice of Appeal to Superior Court," at 237–38, *and* Appellee's Response to Appeal, at 1.

[35] *Mitchell v. Delaware Alcoholic Bev. Control Comm'n*, 193 A.2d 294, 312 (Del. Super. May 1, 1963), *rev'd on other grounds*, 196 A.2d 410 (Del. 1963).

6

"[d]ue process, unlike some legal rules, is not a technical notion with a fixed content unrelated to time, place, and circumstances; rather it is a flexible concept which calls for such procedural protections as the situation demands."[36] Generally, it "entails providing the parties with the opportunity to be heard . . . and the right of controverting, by proof, every material fact . . . in an orderly proceeding appropriate to the nature of the hearing and adapted to meet its ends."[37] More specifically, due process requirements "are satisfied if the party proceeded against understood the issue and was afforded a full opportunity to justify its conduct."[38]

12.     In the UIAB context, due process has been described as "simply an opportunity to be heard in one's own defense. The formality and procedural requisites can vary according to the nature of a case."[39] Furthermore, due process is "satisfied where an employer was notified of the claimant's application for benefits, her appeal, the hearings, the right to subpoena witnesses, and the right to retain counsel if so desired."[40]

13.     Here, the Board did not deprive Kids and Teens of due process. At the outset, while parties have the right to retain counsel, many parties are often unrepresented at UIAB hearings. Granted, if the Board refused to permit a party to be represented by counsel it would violate that party's due process rights. However, the Board cannot wrongfully deprive the right to counsel when it has no knowledge that a party desired an attorney. Here, Kids and Teens had no attorney at the prior appeals referee hearing. Without an entry of appearance or other attorney contact

---

[36] *Vincent v. E. Shore Markets*, 970 A.2d 160, 164 (Del. 2009) (discussing the due process protections in an administrative hearing in the context of an Industrial Accident Board case).
[37] *Id.*
[38] *Phillips v. Delhaize Am., Inc.*, 2007 WL 2122139, at *2 (Del. Super. July 20, 2007) (quoting *J.L.B. Corp. V. Delaware A.B. C.C.,* 1985 WL 189008, at *2 (Del. Super. June 7, 1985)).
[39] *Morris v. S. Metals Processing Co.*, 530 A.2d 673, 1987 WL 37999, at *1 (Del. 1987) (citing *Boddie v. Connecticut*, 401 U.S. 381 (1971)).
[40] *PAL of Wilmington v. Graham*, 2008 WL 2582986, at *4 (Del. Super. June 18, 2008) (summarizing *Turkey's Inc. v. Peterson*, 2002 WL 977190, at *5 (Del. Super. May 13, 2002)).

prior to the UIAB hearing, the Board had no notice of the issue. Furthermore, when Kids and Teens started the hearing there was no attorney present. During the entire hearing, it did not notify the Board at any time that it had retained an attorney, that it was missing its attorney, or even that it desired an attorney. Rather, it fully participated in the Board hearing and attempted to justify its termination of Ms. O'Brien. Claimed procedural infirmities such as this are waived if not raised.[41] Accordingly, the Board did not commit legal error by failing to permit something it knew nothing about.

14.     Similarly, despite Kids and Teens' claim in the notice of appeal that the Board failed to subpoena two witnesses, the record does not demonstrate that Kids and Teens ever requested subpoenas.[42] It merely named two witnesses as interested parties in its appeal to the Board.[43] If Kids and Teens wanted to subpoena witnesses, it had to request those subpoenas, ensure proper addresses for their service, and, if necessary, raise the allegedly missing witnesses issue with the Board in order to obtain a continuance of the hearing.[44]

15.     As to the substantive issues raised in this appeal, the Court must review the Board's finding that Kids and Teens terminated Ms. O'Brien without just cause. The Delaware Code provides that an individual is disqualified from receipt of

---

[41] *See In re 244.5 Acres of Land*, 2001 WL 1469155, at *5 (Del. Super. Aug. 22, 2001) (finding that a plaintiff had waived its procedural due process claim "by showing up and arguing the merits of the cause without ever mentioning that they believed procedural irregularities existed), *rev'd on other grounds sub nom.*, *In re 244.5 acres of land*, 808 A.2d 753 (Del. 2002).

[42] *See* 19 Del. Admin. C. § 1201-4.8 (providing that "[a] party may request subpoenas to compel a witness or witnesses to appear at a hearing or to compel the production of documents at or prior to a hearing. Such a request shall be in writing, be received by the Board at least 7 days prior to the hearing, and state the full name and address of the person(s) to be subpoenaed and a detailed description of the documents to produced. The issuance of such subpoena(s) shall be at the sole discretion of the Board and its attorney.")

[43] Record, "Notice to Appeal Referee," at 203.

[44] *Bugaj v. L & D Suzuki, Inc.*, 2014 WL 2884477, at *2 (Del. Super. June 19, 2014) (citing *Turner v. Unemployment Ins. Appeals Bd.*, 2004 WL 2827963, at *5 (Del. Super. Feb. 27, 2004)).

benefits if they are terminated for "just cause."[45] Employers bear the burden to show this by a preponderance of the evidence.[46] Just cause includes a "willful or wanton act or pattern of conduct in violation of the employer's interest, the employee's duties, or the employee's expected standard of conduct."[47]

16. When evaluating just cause, employees are generally entitled to notice that their actions are unacceptable before being terminated.[48] Namely, "[j]ust cause includes notice to the employee in the form of a final warning that further poor behavior or performance may lead to termination."[49] Furthermore, "[i]f an employer consistently tolerates willful or wanton misconduct . . . the employer may not be justified in firing employees without first warning them that their conduct no longer is acceptable."[50] The notice need not expressly state that the employer will terminate the employee if the course of conduct continues.[51] But, it must reasonably place the employee on notice that termination is contemplated. When an employer terminates an employee without prior notice, the termination is for just cause only if the employee's conduct was sufficiently willful or wanton to excuse such notice.[52]

17. In this case, the Board committed no legal error. It applied the proper standard when determining if Kids and Teens terminated Ms. O'Brien for just cause. Although the Board specifically referenced the lack of a written warning,[53] it also referenced and applied the "final warning" standard. In its decision, the Board

---

[45] 19 *Del. C.* § 3314(2) (providing that "[a]n individual will be disqualified for benefits . . . [f]or the week in which the individual was discharged from the individual's work for just cause in connection with the individual's work …").
[46] *Wilson v. Unemployment Ins. Appeal Bd.*, 2011 WL 3243366, at *2 (Del. Super. July 27, 2011).
[47] *Majaya v. Sojourners' Place*, 2003 WL 21350542, at *4 (Del. Super. June 6, 2003).
[48] *Id.*
[49] *MBNA Am. Bank, N.A. v. Capella*, 2003 WL 1880127, at *3 (Del. Super. Apr. 15, 2003).
[50] *Moeller v. Wilmington Sav. Fund Soc.*, 723 A.2d 1177, 1179 (Del. 1999) (citing *Ortiz v. Unemployment Insurance Appeal Board,* 317 A.2d 100, 101 (1974)).
[51] *MBNA*, 2003 WL 1880127, at *3.
[52] *Tuttle v. Mellon Bank of Delaware*, 659 A.2d 786, 789 (Del. Super. Mar. 17, 1995).
[53] Record, "Notice of Board Decision," at 232.

9

correctly explained that Delaware law requires "notice to the employee in the form of a final warning that further poor behavior or performance may lead to termination," and found that evidence to be missing.[54]

18.   The record contains substantial evidence that Kids and Teens gave Ms. O'Brien no final warning prior to her termination.  Pursuant to 19 *Del. C.* § 3323(a), this Court performs only a limited factual review.  Credibility assessments of testifying witnesses are appropriately left for the UIAB.[55]  Here, the Board permissibly assigned considerable weight to Kids and Teens' testimony that it provided Ms. O'Brien with no written warning.  It also found credible Ms. O'Brien's testimony that she never received *any* form of a warning.  Ms. O'Brien's testimony alone provides substantial evidence that Kids and Teens terminated Ms. O'Brien without warning.

19.   The Board also weighed the evidence, judged the credibility of the witnesses, and permissibly found that Ms. O'Brien's alleged misconduct was not sufficiently willful or wanton to excuse a final warning.  In this regard, the Board considered the testimony regarding the missing office stamp, and found that the stamp's unknown whereabouts resulted from Ms. O'Brien "unwittingly" knocking it into the trash.  As a result, it found that Ms. O'Brien lacked the necessary state of mind during this incident to have acted willfully or recklessly.[56]  In addition, the Board discredited  Kids and Teens uncorroborated evidence about Ms. O'Brien's allegedly poor performance and employee complaints about her conduct. When weighing the evidence, it found that such conduct was not sufficiently serious to

---

[54] *Id.*

[55] *Anchor Motor Freight, Inc. v. Unemployment Ins. Appeal Bd.*, 325 A.2d 374, 375 (Del. Super. 1974) (explaining that the Superior Court's review consists of determining whether substantial evidence supports the Board's holdings, but "questions of credibility and conflicts in the evidence are resolved by the Board").

[56] Record, "Notice of Board Decision," at 232.

negate the need for a prior warning. Given this quantum of record evidence, the UIAB's decision was based on substantial evidence.

**NOW THEREFORE**, for the reasons cited, the Board's decision was based upon substantial evidence and was free from legal error. Accordingly, it must be **AFFIRMED.**

**IT IS SO ORDERED.**


<u>/s/Jeffrey J Clark</u>
Judge