# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| KHADIJA ZAKARIA, | ) | |
| | ) | |
| Claimant Below – Appellant, | ) | |
| | ) | **C.A. No.: N20A-12-005 FJJ** |
| v. | ) | |
| | ) | |
| CHRISTIANA CARE HEALTH SERVICES, | ) | |
| | ) | |
| | ) | |
| Employer Below – Appellee. | ) | |

Submitted: March 31, 2021
Decided: April 15, 2021

**UPON CONSIDERATION OF APPELLANTS APPEAL OF THE DECISION OF THE INDUSTRIAL ACCIDENT BOARD, AFFIRMED**

**OPINION AND ORDER**

*Heather A Long, Esquire,* Kimmel Carter Roman Peltz & O'Neill PA, 56 W. Main Street, Newark, DE 19702, *Attorneys for Claimant Below – Appellant.*

*Maria Newill, Esquire,* Heckler & Frabizzio, The Corporate Plaza, 800 Delaware Ave., Suite 200, P.O. Box 128, Wilmington, DE 19899-0128, *Attorneys for Employer Below - Appellee.*

**Jones, J.**

## INTRODUCTION

Appellant/Claimant, Khadija Zakaria ("Khadija") timely appeals a decision of the Industrial Accident Board ("IAB" or "Board") that denied her Petition for workman's compensation benefits. The Board found that Khadija failed to meet her burden in establishing that her cervical condition, corresponding need for treatment, and for period of total disability are compensable against her employer, Christiana Health Care Services. It appears to the Court that:

On September 24, 2019 Khadija filed a Petition to Determine Compensation Due against her employer with the IAB, Christiana Health Care Services ("Employer"). Claimant works as an operating room nurse for the Employer. In her Petition, Claimant sought acknowledgement of the compensability of injuries to her cervical spine allegedly suffered from two work accidents: one occurring on November 4, 2017 and the other on June 21, 2018. Employer contested these allegations, arguing that claimant's condition was an actively symptomatic degenerative condition which was unrelated to either alleged work accident and denied compensability.

On November 6, 2020 the IAB conducted a hearing on the matter. At the hearing the Board heard from two expert witnesses, Dr. Zaslavasky and Dr. Gelman for Claimant and Employer, respectively. Dr. Zaslavasky testified that claimant's cervical spine injury and treatment stemming therefrom was reasonable, necessary, and related to the work incidents of November 4, 2017 and

2

Junes 2, 2018. Zaslavasky opined that at a minimum the two incidents at least aggravated the Claimant's preexisting condition. Dr. Gelman testified for the Employer. After a review of the Claimant's medical records and a physical examination, he concluded that Claimant suffered from a long standing, chronic degenerative process that has been actively symptomatic for years, well predating her employment with Employer. In addition to the two doctors, the Claimant testified and the Employer presented two coworkers as well as the workman's compensation adjuster.

Following the hearing the Board issued its decision on November 17, 2020. The Board found that Claimant's narrative was "inconsistent with what she reported to even her own treating doctors" and that there was "little to substantiate that anything happened to Claimant at work." The Board found Claimant's credibility lacking and was "troubled by Claimant's failure to consistently and accurately report her own history." The Board denied Claimant's petition and concluded that Claimant had failed to demonstrate by a preponderance of evidence that she suffered any work-related injury or event that can be said to have aggravated, accelerated or in combination with her degenerative infirmity produced the disability for which Claimant has treated on and off for years.

On December 5, 2020 Claimant filed a timely notice of appeal. On March 1, 2021, Claimant filed her Opening Brief. On March 18, 2021 Employer filed

its Answering Brief. Claimant filed her Reply Brief in response on March 30, 2021. The mater is now ripe for review.

## STANDARD OF REVIEW

On an appeal from a Board decision, the Superior Court does not "weigh the evidence, determine questions of credibility, and make its own factual findings and conclusions."[1] Those functions are exclusively held by the Board.[2] In considering an appeal from the Board, this Court's review is limited to correcting errors of law and a determination of whether substantial evidence[3] in the record supports the Board's decision.[4] "Absent an abuse of discretion or an error of law, a Board decision that is supported by substantial evidence will not be overturned by the Court."[5] Issues raised on appeal involving exclusively a question of law are reviewed *de novo*.[6] The Court will evaluate the record "in the light most favorable to the prevailing party below."[7]

---

[1] *Johnson v. Chrysler Corp.,* 213 A.3d 64, 66 (Del. 1965); *See Christiana Care Health Servs. v. Davis*, 127 A.3 391, 394 (Del. 2015).

[2] *Noel-Liszkiewicz v. La-Z-Boy,* 68 A.3d 188, 191 (Del. 2013) (citing *Breeding v. Contractors-One-Inc.,* 549 A.2d 1102, 110 (Del. 1988)).

[3] *Olney v. Cooch*, 425 A.2d 610, 614 (Del. 1981)

[4] *Maracle v. Int'l Game Tech*., No. CIV.A. 09A-11-002PLA, 2010 WL 541199, at *2 (Del. Super. Ct. Feb 1, 2010) (citing *Histed v. E.I. DuPont de Nemours & Co.*, 621 A.2d 340, 342

[5] *Miller v. Delaware Psychiatric Ctr.*, No.: CIV.A. N12A-06007DCS, 2013 WL 1281850, at *7 (Del. Super. Ct. Mar. 28, 2013) (*citing Stanley v. Kraft Foods, Inc.*, 2009 WL 2401212, *2 (Del. Super. Ct. Mar. 24, 2008).

[6] *See Vincent v. E. Shore Markets,* 970 A.2d 160, 163 (Del. 2009) *(quoting Baughan v Wal-mart Stores,* 947 A.2d 1120, 2008 WL 1930576, at *2 (Del. 2008)(TABLE); *citing Duvall v. Charles Connell Roofing,* 564 A.2d 1132 (Del.1989)).

[7] *Miller,* 2013 WL 1281850, at *7 (citing *General Motors Corp. v. Guy*, 1991 WL 191491, *3 (Del. Super. Ct. Aug. 16, 1991)).

## III. DISCUSSION

When an employee files a petition to determine the compensability of an alleged work-related injury, the employee has the burden of proving causation by a preponderance of evidence.[8] Conflicting expert testimony is often the primary focus of the claim. As with any witness, the Board has the authority and discretion to "determine the credibility of the witness as well as the appropriate weight to accord witness testimony and the reasonable inferences to be drawn therefrom."[9] When "there is contradictory expert testimony supported by substantial evidence, it is within the [Board's] discretion to accept the testimony of one physician over another."[10] In exercising this discretion, the Board is "free to reject, in full or in part, the testimony of one physician over conflicting testimony."[11] In doing so, the Board must provide clearly articulated factual findings.[12] On appeal, the Superior Court does not have the authority to encroach upon the Board's discretion

---

[8] *Goicuria v. Kauffman's Furniture,* 706 A.2d 26, 1998 WL 67720, at *1 (Del. 1998) (TABLE).

[9] *Miller,* 2013 WL 1281850, at *8 (citing Saunders v. DaimlerChrysler, Corp., 2006 WL 390098, *4 (Del.Feb. 17, 2006); Christiana Care Health Sys., VNA v. Taggart, 2004 WL 692640, *12 (Del. Super. Ct. Mar. 18, 2004)(citing Clemente v. Diamond State Port Co., 831 A.2d 870, 878 (Del. 2000))).

[10] *Butler v. Speakman Co.,* 615 A.2d 530 (Del. 1992); *see DiSabatino Bros. v. Wortman,* 453 A.2d 102, 106 (Del. 1982) *(citing General Motors v. Veasy,* 271 A.2d 1074, 1076 (Del. 1977)) (finding that although the evidence was in conflict, that the substantial evidence standard was satisfied where the Board "was free to accept the testimony" of one doctor, the employer's expert, over contrary opinion testimony); *see also Standard Distrib. C. Through Pennsylvania Mfrs. Ass'n Ins. Co. v. Nally*, 630 A.2d 640, 646 (Del. 1993) ("[T]he Board was entitled to accept the testimony of one medical expert over the views of another."); *see also Sweeney v. Wal-Mart*, No. CV N12A-06-008 ALR, 2013 WL 3975149, at *4 (Del. Super. Ct. July 31, 2013) ("it is well-established that, in the case of conflicting expert testimony, the IAB is free to accept the opinion of one medical expert over another.").

[11] *Turbitt v. Blue Hen Lines*, 711 A.2d 1214, 1215 (Del. 1998).

[12] *See Sweene*, 2013 WL 3975149, at *5 (citing Lindsay v. Chrysler Corp., 1994 WL 750345, *1, *3 (Del. Super. Ct. Dec. 7, 1994)) (The Superior Court found that reversal of a Board decision is warranted where "the Board's findings … amounted to a single paragraph in which the Board simply stated that it found one expert more credible than another."

in making these factual findings, and must accept such findings if sufficient facts exist in the record.[13]

The Board wrote that it was "troubled by claimant's failure to consistently and accurately report her own history… [It is] very troubling as one looks to claimant's credibility to carry the day and provide the nexus for her condition and treatment to her work." Plaintiff's credibility was the key issue before the Board. There was substantial evidence justifying the Board's conclusion based as to claimant's credibility. That evidence included:

> Claimant admitted to prior treatment as early as 2016, for similar symptoms that she did not report to either her Employer when hired or initially to her treating doctor. She further admitted to joining Planet Fitness and regularly working out despite the alleged claims of work events. She testified to inconsistent reporting to various medical providers that she was seeing at the time. She confirms that on physical therapy intake notes for 6/6/18, she recorded prior history of right shoulder and upper extremity issues, needing assistance shopping, as well as reporting her injury was from an overhead press at the gym. She further confirmed that she missed three days of work for shoulder and neck pain, only days prior to the second 6/21/18 alleged work event.

The Board also heard from both expert witnesses. After reviewing all of the evidence, the Board found Dr. Gelman more credible than Dr. Zaslavasky. This conclusion was based in part on Claimant's failure to consistently and accurately report her history to Dr. Zaslavasky to the point where the doctor was

---

[13] *See Miller*, 2013 WL 1281850, at *8 (citing *Opportunity Ctr., Inc v. Jamison*, 2007n WL 3262211, *3 (Del. May 24, 2007) (citing *Johnson v. Chrysler Corp.,* 213 A.2d 64, 55 (Del. 1965); *Christiana Care Health Sys., VNA v. Taggart,* 2004 WL 692640, *12 (Del. Super. Ct. March. 18, 2004)).

at times unsure whether the Claimant was receiving physical therapy. This is enough to constitute substantial evidence of the Board's adoption of Dr. Gelman's testimony over Dr. Zaslavasky and this opinion constitutes substantial evidence for purposes of appellate review.[14]

My role in this matter is limited. I must give the factual decisions of the Board substantial deference. I have considered the record in a light most favorable to the Board and I have resolved all doubts in the Board's favor. I cannot retry the case, reinterpret the evidence, or second guess the Board's credibility determination. Even had I wished to come to a different conclusion on the merits, I cannot substitute my judgment for that of the Board.[15]

I find that there was substantial evidence to support the Board's conclusions and there are no errors of law. Having reached this conclusion, I **AFFIRM** the decision of the Board and **DENY** claimant's appeal.

**IT IS SO ORDERED**.

*/s/ Francis J. Jones, Jr.*
Francis J. Jones, Jr., Judge

cc:    File&ServeXpress

---

[14] *Person-Gains v. Pepco Holdings, Inc.*, 981 A.2d 1159, 1161 (Del. 2009).
[15] *Warren v. Amstend Industries, Inc.*, 2020 WL 4582504 (Del. Super. 2020)